No. 1505.—C. A. GAYARRE v. H. T. HAYS, Sheriff, et als.

No appeal will lie from a judgment dissolving an injunction where the amount in dispute is not above five hundred dollars. The fact that the property seized exceeds five hundred dollars in value will not give the Supreme Court jurisdiction of the appeal from such judgment.

APPEAL from Third District Court of New Orleans. *Fellowes,* J. *Race, Foster & E. T. Merrick,* for plaintiff and appellant, *E. W. Huntington,* for defendants and appellees.

WYLY, J. Appellees move to dismiss this appeal because the court has no jurisdiction, the matter in dispute not exceeding five hundred dollars.

Plaintiff enjoins a judgment against him as security on two injunction bonds for twenty per cent. on the two executions enjoined, that is to say, twenty per cent. on one execution for one thousand dollars, fifty dollars attorney's fees and costs, and twenty per cent. on the other execution for three hundred and seven dollars and sixty-two cents, fifty dollars attorney's fees and costs.

The matter in dispute is not the full amount of the two executions; it is the amount of twenty per cent. thereon, attorney's fees and costs, for which judgment was rendered against the plaintiff—this is less than five hundred dollars. Appellant contends that the value of his lot seized to satisfy said judgment against him exceeds five hundred dollars in value, and therefore this court has jurisdiction on that account. He cites the decisions in 12 R. 519; 6 R. 4, and 1 A. 310, to support his position that this court has jurisdiction where the value of the property seized exceeds five hundred dollars, although the judgment under which it was seized is below that amount.

The cases he has cited refer to the opposition and injunction of third parties who claim to be owners of the thing seized. In such cases the matter in dispute is not the judgment, but the ownership of the property seized. In this case, however, the property of the plaintiff was

seized by the sheriff under an execution against him; and the contestation is about the validity of the judgment, and not the ownership of the property. The matter in dispute is therefore below the jurisdiction of this court.

It is therefore ordered that this appeal be dismissed at appellant's costs.