No. 7823.

Mrs. Zulmé E. Hearsey and Husband vs. William S. Booth, Sheriff, et al.

In actions to enjoin the execution of judgments, as between the parties themselves, the jurisdiction of this Court depends on the amount of the judgment enjoined, and is not aided by the value of the property seized, or by the amount of the damages claimed by the appellant.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *McVea*, J.

*R. W. Knickerbocker* for Plaintiffs and Appellants.

*E. W. & S. Robertson* for Defendants and Appellees.

The opinion of the Court was delivered by

Fenner, J. This is a suit for an injunction restraining the execution of a writ of *fieri facias*, issued on a twelve-months' bond for the sum of $526 28, with eight per cent. interest from June 6th, 1874, subject to a credit of one hundred and seventy-five dollars, of date December 20th, 1875. Plaintiff alleges that the sheriff, under said writ, has

seized real estate belonging to her exceeding $4000 in value, and also claims $1000 as damages for injury "in health, peace of mind, loss of time from business occupations, trouble to institute this suit, vexation and inconvenience in framing this injunction and furnishing bond."

The fictitious character of the damages claimed is apparent from the statement of the elements thereof, taken, as above, from the petition.

Aside from this, however, it is settled that in actions to enjoin the execution of judgments, as between the parties thereto, the jurisdiction of this Court depends on the amount of the judgment enjoined, and is not aided by the value of the property seized, or by the amount of the damages claimed by the appellant.

The reason of the doctrine is well explained in Cushing vs. Sambola, 30 A. 426. See, also, 12 A. 784; 14 A. 73; 16 A. 47; 21 A. 307.

It is, therefore, ordered that this appeal be dismissed at appellants' cost.