## No. 1010.

### J. W. Smith vs. The Merchants' Mutual Insurance Company.

#### On Motion to Dismiss.

| 33 | 1071 |
| 48 | 677 |
| 33 | 1071 |
| 115 | 489 |

The test of the jurisdiction of this Court in an action to enjoin and annul a judgment, is the amount of the judgment itself.

Appellee cannot be estopped from denying the appealable character of a suit, because consent cannot vest this Court with jurisdiction.

The appealable amount of the matter in dispute necessary for the jurisdiction of this Court cannot be reckoned by the cumulation of plaintiff's demand and defendant's claim in reconvention.

A PPEAL from the Fifth District Court, parish of Ouachita. *Richardson, J.*

Smith vs. Merchants' Mutual Insurance Company.

*Franklin Garrett* for Appellant:

Plaintiff's demand is that he be decreed to have paid a judgment for $703 principal, for $300 vindictive damages, and $200 damages for legal expenses.

The test of jurisdiction is what plaintiff demands and defendant denies—this gives the matter in dispute.

Suppose the District Judge had given plaintiff judgment for $300 vindictive damages, would the Circuit Court have jurisdiction of defendant's appeal? Could that Court revise a judgment for 1003?

Could the Circuit Court amend the judgment rendered, by giving plaintiff $300? or, the whole $500 claimed in his petition?

The Supreme Court alone could review a judgment for $1003 or $1203—or amend the judgment for $703 by increasing with the damages prayed for.

*Frank P. Stubbs* for Appellee.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.　The plaintiff asks the dismissal of the appeal for want of jurisdiction.

The plaintiff has enjoined the execution of a judgment for $703 with interest and costs against him, on the ground of extinction, by compromise with defendant's transferrer, previous to the transfer. He claimed three hundred dollars damages for trespass on his property, and two hundred dollars for costs and legal expenses in the assertion and defense of his claim, in this proceeding. The defendant asked a dissolution of the injunction, praying for statutory damages. The injunction was perpetuated, but without damages.

The matter in dispute is the existence or extinction of the judgment enjoined.

It is settled that, in actions to enjoin and annul judgments between the parties thereto, the jurisdiction of this Court is to be tested by the amount of the judgment, and, as a corollary, that damages, claimed in such cases, are not always an element to determine that jurisdiction. 30 An. 425; 12 An. 784; 14 An. 73; Schmidt & Ziegler vs. Brown, Lemle vs. Routon, 33 An., p. —.

A case may perhaps be presented, in which—to a claim to, or against a judgment for, less than $1000—a demand for proportioned, connected and reasonable damages may be superadded; but when such a claim arises, and damages, on their face improbable, are asked, jurisdiction will not attach.

It is true that, in the present instance, the damages claimed were asserted before the adoption of the Constitution in force, in a case which was *then* clearly appealable. Although it cannot, therefore, be pretended that they were *then* demanded to give this Court jurisdiction, it is manifest that they are *now* insisted upon, as set up in good faith, for the same purpose.

It cannot be claimed that the plaintiff is estopped from denying the appealable character of his suit, because consent cannot give jurisdiction to a court which has none *ratione materiæ.* Neither can it be claimed that the case is appealable on defendant's reconventional demand, for the reason that, in reality, it is for no more than the statutory damages, which do not amount to one-fourth of the sum necessary to give us jurisdiction. A plaintiff in reconvention cannot by incorporating into his demand the matter in dispute in the main action, and by adding thereto a claim in damages, give jurisdiction to this Court, over his suit.

The two claims are distinct; they are sometimes connected, or contradictory; but each stands on its own merits. Just as the plaintiff cannot cumulate with his demand that set up by the defendant, so is the latter precluded from adding to his claim that of plaintiff.

In the absence of any specification in the petition of the circumstances from which the damages spring, we are at a loss to conceive how the execution of a judgment for $703 can have occasioned and is likely to inflict injury to the extent of $500.

The judgment which the lower court might have awarded in favor of plaintiff, can no more be urged, as a test of our jurisdiction, than could an adverse judgment. If the judgment, the existence of which is assailed, has not been satisfied, the foundation upon which the superstructure rests gives way and the accessory follows the principal.

We think that plaintiff's demand in damages is mostly fictitious, and that it cannot be relied upon to give this Court jurisdiction.

It is, therefore, ordered that this appeal be dismissed at the cost of appellant.