No. 8402.

| 33 | 1351 |
|----|------|
| 45 | 1119 |
| 33 | 1351 |
| 49 | 700 |
| 33 | 1351 |
| 113 | 264 |

THE STATE EX REL. B. G. BLOSS vs. THE JUDGES OF THE COURT OF APPEALS FOR THE PARISH OF ORLEANS.

The Court of Appeals has no jurisdiction in a proceeding of which the object is to have the inscription of a mortgage for more than $1000 cancelled and erased from the books of the Mortgage Office, on the ground that said mortgage is simulated.

APPLICATION for a writ of Mandamus.

---

T. Gilmore & Sons for the Relator:

In a rule to erase mortgages, the amount of plaintiff's claim determines the jurisdiction.

---

The opinion of the Court was delivered by

POCHÉ, J.    Relator seeks by mandamus to compel the Court of Appeals to entertain jurisdiction of an appeal which he has taken from a judgment of the District Court, discharging a rule which relator had taken against Mrs. Henrietta Davidson, the holder of a mortgage of

$12,000, on the immovable property of his debtor, the defendant in the suit of Bloss vs. Lindop, the object of the rule being to have said mortgage canceled, on the ground that it was simulated and unreal.

The record shows that relator, having obtained a judgment against the defendant for five hundred dollars, with interests and costs, issued execution on his judgment, under which certain real estate of the defendant was seized. This property being encumbered with the mortgage above recited, relator took a rule for the cancellation of the same on the mortgagee, Mrs. Davidson, who answered by a general denial, and in whose favor judgment was rendered by the District Judge.

On his motion, plaintiff's appeal was made returnable to the court of respondents who, *ex propria motu,* refused to entertain jurisdiction of the same, on the ground that the matter in dispute, under the rule, exceeded one thousand dollars and was beyond their jurisdiction.

Relator contends that the amount of his judgment in execution, and not the amount of the mortgage sought to be canceled, is the test of the jurisdiction of the Appellate Court.

We have carefully examined the numerous authorities which his counsel has quoted in support of this position, but we find that they are not applicable to the only point at issue, and that he is not borne out in his conclusion.

The object of relator in his rule is not to cancel the mortgage in so far as it affects his judgment, or his mortgage rights on Lindop's property, or to obtain a decree removing such mortgage as an obstacle in the way of his execution, but to have the whole mortgage declared a simulation, entirely canceled.

The only issue presented by relator in the rule is confined to himself and to the mortgagee, and embraces exclusively the validity or binding force of a mortgage exceeding one thousand dollars.

Under the issue thus presented, the only judgment which the District Court could render and which the Appellate Court could revise, would have for effect the maintenance and recognition or the cancellation of a mortgage in the sum of twelve thousand dollars.

This is not a contest between plaintiff as a judgment creditor and the holder of a conventional mortgage for priority over the proceeds of the property of the debtor, defendant in execution, which was the issue presented in the case of Picard & Weil vs. S. S. Wade, 30 A. 623, quoted by relator, and in which our immediate predecessors correctly held that the amount of the judgment in execution, and not the value of the property seized and sold, nor the amount of the third opponent's claim, was the true test of the jurisdiction of the appellate tribunal, because the issue was a contest over the proceeds of the debtor's property.

In the case of Loeb & Bloom vs. Arent et al., 33 A. 1086, in which plaintiffs, in execution of their judgment, sought to have a transfer of their debtor declared a nullity as "*to its effect*" on their claim, and in which the property transferred exceeded in value one thousand dollars, we held that the real matter in dispute was the amount claimed by plaintiffs, because they did not seek to annul or do away *in toto* with the transfer complained of, and because they had restricted their demand to annul the contract only in so far as it affected their claim.

In the case at bar, plaintiff demands the cancellation *in toto* of a mortgage exceeding one thousand dollars, and respondents correctly held that the matter in dispute exceeded the amount or limit of their jurisdiction.

It is, therefore, ordered, adjudged and decreed that the order granting an alternative writ of mandamus in this case be rescinded, and that the writ herein prayed for by relator be refused at his costs.