Denegre vs. Moran.

### No. 8041.

### HENRY DENEGRE vs. P. S. MORAN.

In Teal vs. Pirtle, 34 An. 892, we held that, where in an action for account, the plaintiff alleged a certain sum as the amount which he claimed as due to him, that allegation fixed the limit of his demand.

In this case the plaintiff claims $1,100 as the amount due him on proper accounting, for which he prays. The defendant answers, admitting $173 as due. The difference, $927, is the only *amount in dispute*, and excludes our appellate jurisdiction. 33 An. 1089 ; 26 An. 291.

APPEAL from the Fourth District Court for the Parish of Orleans. *Houston*, J.

*Bayne & Denegre* for Plaintiff and Appellee :

*Gibson, Hall & Montgomery* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. On the argument of this cause, our attention was called to a defect of jurisdiction *ratione materiæ*, because the amount in dispute does not exceed one thousand dollars.

A motion to dismiss was filed on this ground, which we observe, since the trial thereof, has been discontinued by consent of both parties. We fully recognize this as the equivalent of a consent between the parties that we should exercise jurisdiction, to which we would gladly give effect, if such a course were consistent with our sense of judicial duty. We cannot conscientiously do so.

We, in common with all other courts, are bound to confine ourselves within the limits of the jurisdiction conferred upon us by the Consti-

Denegre vs. Moran.

tution. One branch of our supervisory powers requires us, not infrequently, to restrain inferior courts from exceeding the bounds of their jurisdiction, and we are sometimes called on to pronounce their judgments in excess thereof absolute nullities, even notwithstanding the consent of parties. We should expose ourselves to just censure if we should govern our own action by rules different from those which we apply to that of other courts.

In the present case the limit of the plaintiff's demand was for eleven hundred dollars.

We have carefully examined the petition and, although it demanded an account from the defendant, yet it distinctly alleged that "defendant is indebted to him in the sum of eleven hundred dollars, which he refuses to pay over." This petition was sworn to, and a writ of attachment was issued on the basis thereof.

The prayer demanded an accounting, and "that judgment be rendered in favor of petitioner for eleven hundred dollars or such sum as will be found to be due him on settlement, etc." Thus, by his own valuation, the plaintiff fixed the limit of his claim and demand at eleven hundred dollars and could, under no circumstances, have asked judgment for more.

By paying that amount with interest and costs into court, defendant could have discharged the suit. The alternative prayer only meant such an amount *less than* $1100 as might be found due. This point has been expressly decided by us in a case precisely analogous. Teal vs. Pirtle, 34 An. 892. O. B. 56, p. 786.

The defendant's answer admits owing one hundred and seventy-three dollars. The *amount in dispute*, therefore, could not exceed nine hundred and twenty-seven dollars.

Had the judgment been for only $173, the plaintiff could not have maintained an appeal.

We have examined the cases referred to by defendant's counsel, but find them inapplicable to the present case.

In a case precisely similar to this, we have heretofore held that we had no jurisdiction under the circumstances presented. Stubbs vs. Maguire, 33 An. 1089; see also Girardey vs. City, 26 An. 291.

It is, therefore, ordered that the appeal herein be dismissed at appellant's cost.

Rehearing refused.