Munday vs. J. J. Lyons et al.

## No. 1179.

### JOHN C. MUNDAY vs. J. J. LYONS ET AL.

The test of jurisdiction in an injunction suit, where the property seized belongs to the judgment debtor, is the amount of the judgment injoined.

*Aliter* if the property of another is seized, in which case the value of the property determines the jurisdiction.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Read,* J.

*A. R. Mitchell* for Plaintiff and Appellant.

*G. A. Fournet* for Defendants and Appellees.

The opinion of the Court was delivered by

MANNING, J.   One Tufts obtained three judgments against the plaintiff Munday in a Justice's Court of Calcasieu, aggregating two hundred and three dollars, and issued executions thereon, which were levied upon a house and lot belonging to Munday.   He injoined the sale alleging the value of the seized property to be eighteen hundred dollars. Upon trial, his injunction was dissolved, and he appeals.

The defendants move to dismiss for the reason that the sum involved is less than the appealable amount, and we are therefore without jurisdiction.   The motion must prevail.

It is well settled that the test of our jurisdiction is the amount of the judgment, the execution of which is injoined, where the property seized belongs to the judgment debtor.   *Aliter* if the property seized belongs to third parties.   Bruneau vs. Haughton, 16 Ann. 47; Gayarre vs. Hays, 21 Ann. 307; Francisco vs. Gauthier, decided in March, 1883, and not yet reported.

Answering the appeal, the defendant Tufts prays for damages, which we do not give since we dismiss without examining the merits of the injunction whether rightfully obtained or not.

The appeal is dismissed.