## No. 165.

### RAPHAEL ROSENTHAL *v.* HIS CREDITORS.

Where an opposition is filed in a *cessio bonorum* proceeding, and fraud and simulation are alleged, the amount in controversy is not limited merely to the amount of the opponent's claim, but is rather measured by the entire amount affected by the judgment, which is attacked *in toto* by such proceeding.

*Jos. P. Hornov, F. W. Baker,* attorneys.

*Leovy J. Kruttochuitt,* attorney.

ON MOTION TO DISMISS.

His Honor W. H. Rogers delivered the opinion and decree of the court in the words and figures following, to wit;

Plaintiff was adjudged an insolvent on his voluntary surrender on August 9th, 1881.

A meeting of creditors was convened before Andrew Hero, a notary public, which was concluded on 30th August 1881. Rosenthal was elected syndic.

On September 10th, W. G. Vincent & Co., creditors to the amount of $600, filed their opposition to the acceptance of the surrender and appointment of syndic on various grounds. Their opposition was not sustained and they have appealed.

A motion to dismiss is made on the grounds that the amount involved in this controversy exceeds $1,000. The issue presented to the District Court emphatically propounds that the benefit of the insolvent laws of this state be denied to Rosen-

thal now and forever; that the stay of proceedings granted against his creditors be rescinded and the creditors be permitted to enforce their rights.

All this because Rosenthal did not produce and surrender his mercantile books, falsely pretending that he had lost the same; that he fraudulently conspired with his wife to impose upon his creditors — granting her a judgment which was a fraud and a simulation—that he has not surrendered all his property, but on the contrary owns considerable property which he fraudulently conceals.

It is clear that the question for decision is, Shall the opposition be sustained—what effect will therefore ensue? 9 La. 393.

There is no dispute to the amount involved because the debtor admits the indebtedness to the opponent, whom he placed upon his *bilau* and who in pursuance of the rights granted him by law took part in the meeting of creditors.

Nor are we asked to declare as against Mrs. Rosenthal any judgment which would subject her property or pretended property to the claim of opponent. In so far as the opposition affects her, it must be shown that, granting the illegality of her note on her judgment claim, the difference resulting from rejecting her note, would be sufficient to defeat Rosenthal's election—9 La. 393.

Beyond this opponent alleges as facts, circumstances which bring Rosenthal under the express condemnation of the law and carry with them the severe penalties. We have had occasion (Hemphill, Hamlin & Co. vs. Max Braum) to examine the jurisprudence of this state relating to the *cessio bonorum* and to apply the rules which we have held sustained by precedent. All laws in derogation of right, when tolerated, have the origin in the highest principle of public policy—must be strictly construed—and the prayer of the most insignificant creditor (in amount) alleging and proving fraud or a violation of the laws applicable to insolvent proceedings would be as potent and comprehensive in its operation as that of the largest creditor, so that Vincent & Co., represent something more than a mere claim for $600—they are the *amici curiae*

rising to assert for judicial condemnation, not the particular act of Rosenthal towards them, but the wilful fraudulent purpose of one who is seeking the protection of that law humanly enacted in aid of the honest but unfortunate debtor, and upon the success of this protest must depend the faith of the entire body of the creditors—the judgment accepting the surrender and all incident proceedings must be declared null and of no effect. We cannot declare this only as to the claim of Vincent & Co.—indeed they do not ask it; and the analogy to the cases Collins vs. Mexican Gulf & Co., 26 La. 276; Harrison vs. Carondelet Street & Co. (F. Cmt.) 18 La. Ann. 398; 24 Ann. 117; 16 La. Ann. 47; 21 La. Ann. 307, suggested by counsel for appellant, does not convince us as applicable to the present inquiry.

The distinction which must be gathered from those authorities has been expressed by our Supreme Court in several cases, viz., Weil vs. Wade, 30 La. Ann. 623; Bloom vs. Arent, 33 La. Ann. 1086; Bloss vs. Judges, 33 La. Ann. 1351.

In all cases when the relief sought refers simply to the effect upon the rights of complaining creditors, the amount to be so affected fixes the jurisdiction—33 Ann. 1086—but when the relief sought affects the extinction *in toto* of a judgment, proceedings from a contract exceeding $1,000, the test of jurisdiction is the total amount involved—33 La. Ann. 1353.

In a proceeding when a debtor claims the benefit of the insolvent laws all creditors are parties to the suit—(Coquet vs. His Creditors, 4 La. 199)—and in a proceeding when a necessity arises the entire question upon which the original adjudication must stand or fall, the court alone must consider it where the law has placed the jurisdiction in the full amount involved in the controversy. Appeal dismissed.