### No. 1198.

### G. A. SINGER vs. J. E. McGUIRE, SHERIFF, ET AL.

The Supreme Court has no jurisdiction over a controversy in which the matter in dispute is the nullity or validity of a judgment rendered for less than the lower limit of its appellate jurisdiction.

An appellee who has represented to this Court that a case was not within its jurisdiction and the Court has acted on that representation by dismissing the appeal; who subsequently acquiesces in this judgment and voluntarily permits, without any objection, the Circuit Court to hear and determine the same case; who afterwards applies for a prohibition to this Court to arrest the execution of the judgment of the latter court, but is denied the same, and who sues to annul the judgment, surely cannot be heard any longer to set up want of jurisdiction *ratione materiæ* in the court rendering the judgment.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*C. J. & J. S. Boatner* for Plaintiff and Appellee.

*J. T. Ludeling* for Defendants and Appellants.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The appellee claims that this Court is devoid of jurisdiction *ratione materiæ* over this controversy, as the matter at issue does not exceed two thousand dollars.

The object of this suit is to annul a judgment for some $750, rendered by the Court of Appeals for the Second Circuit, the execution of which standing provisionally enjoined.

This judgment was rendered in a case in which, it is alleged, the amount in dispute exceeded, by an insignificant fraction, the upper limit of the jurisdiction of that court, and over which it had no authority.

It appears that, previous to the trial and determination of the case

by the Court of Appeals, the matter in controversy had been brought up for adjudication to this Court; but that, on the representation of the appellees, among whom figured conspicuously the present plaintiff, that this Court had no jurisdiction, as no judgment could, in any contingency, be rendered against any of the appellants for a sum exceeding $2000, the appeal was dismissed *proprio motu*. State National Bank vs. Allen, 39 Ann. 807.

The natural consequence of this dismissal was the assumption of jurisdiction by the Court of Appeals over the cause and the determination by it of the issues involved in it.

It is an important factor in this litigation that subsequently, when the case appeared before the Circuit Court, it was tried and determined, in the absence of all objection on the part of the present plaintiff, who was then, as he had been, before this Court the main appellee.

It is another significant circumstance that, after the Circuit Court had rendered judgment for some $750 against the plaintiff, he applied for a prohibition to this Court to arrest the execution issued on the judgment and which was in the hands of the sheriff, and to prevent the court from exercising any jurisdiction over the case, the application resting on the ground that the Court of Appeals had no jurisdiction to render the judgment, as the amount involved in the case exceeded the upper limit of the jurisdiction of that court.

This Court refused the prohibition, on the ground that, as the relator had represented to it that the case was not within its jurisdiction, the appeal had been dismissed on that showing, and the case had been tried and determined by the Circuit Court without any objection on his part, *he* was *estopped* from questioning the jurisdiction of that court and could not be heard any longer to complain on that score.

It was never held, for under no circumstances could it have been, that by his consent the plaintiff had conferred jurisdiction on the Circuit Court in the case in question.

This Court simply denied relief, because the relator then, who is the plaintiff here, was *estopped,* and it did not lie in his mouth to contest the validity of the judgment attacked as rendered by an incompetent court. State ex rel. Singer vs. McGuire et al., 40 Ann. p. 378, decided in New Orleans in March last.

It needs no reasoning to show that the appeal taken in this case cannot stand in this Court, the matter in dispute being the validity or nullity of a judgment for a sum beneath the lower limit of its jurisdiction.

It is manifest that the appellant, who is the judgment creditor, entertained serious doubts touching the appealability of the case to this Court, as a similar appeal was sought and obtained to the Circuit Court by which the judgment levelled against him was rendered.

The appellant, by the dismissal of the appeal here, is not left without hope for relief, as the certainty is that the judgment of the Court of Appeals must set the matter now agitated forever at rest.

It is, therefore, ordered and decreed that the appeal herein be dismissed with costs.