Boggs et al. vs. Hays et al.

....

## No. 1258.

### MRS. PARTHENA BOGGS ET AL. VS. DAVID HAYS ET AL.

Where a party holds a mortgage note on certain property, and lives with the mortgagor for a number of years, she can not make a remunerative donation of the mortgaged property, to the prejudice of her heirs, to said mortgagor. If anything is due for maintenance it should be credited on the mortgage note.

If the mortgage note is prescribed there is still a moral obligation to pay, and the amount due for board should be compensated by the mortgagor. When a person makes a donation of all his property, without reserving enough in the act of donation for his support, the act is null and void.

In a suit to cancel a donation the test of jurisdiction is the value of the property in controversy.

APPEAL from the Seventh District Court, Parish of Franklin. *Ellis, J.*

*J. W. Willis* for Plaintiffs and Appellees:

#### ON MOTION TO DISMISS.

The averment of interest by a third party who appeals from a judgment rendered between other parties is insufficient to authorize an appeal where such third person failed to allege and prove in the court below his right to do so; and that there is error therein to his prejudice. Fazende vs. Flood, 24 An. 426 and cases; Succession of Allen, 10 An. So. 304; 43 An. 1071.

A third party can not appeal when his interest is denied, and he does not allege specially in what his interest consists and that his claim amounts to over $2000 as shown by the record, no matter what the allegations of plaintiff may be. Art. 81 Const. 1879; Williams vs. Gantt, 32 An. 929; Wade R. Young vs. Stephen Duncan et al., 39 An. 86; State National Bank vs. Allen, 39 An. 808; Lake & Bloom vs. Julia Arent et al., 33 An. 1085; Art. 1977, C. C.; L. W. R. R. Co. vs. Hopkins, Kennedy et al., 33 An. 806; 39 An. 853.

When the defendants do not appeal, a third party, by adopting the pleadings and making the defences of the defendants, can not substitute himself in the place and stead of defendants without the consent of plaintiffs, and make defences personal to the defendants, especially when he did not intervene and join them in the court below, and has not their consent to use their pleadings on appeal. Mrs. M. Mayer vs. Louis Stahr, H. Pohlman, intervenor, 35 An. 59, 60; Clapp & Co. vs. Phelps & Co., 19 An. 462; C. P. 389, 390, 391, 392, 393, 394.

Plaintiffs and appellees with a reservation of their right of dismissal; in case their motion to dismiss is overruled, refer to the following authorities on the merits: By the Act 5, 1884, the right of forced heirs to establish by parol the simulation of acts or conveyances executed by those from whom they claim to inherit extends to the entire estate and the restriction of such right to the legitime is removed. Cole vs Cole, 39 An. 878.

When the donor does not reserve enough for subsistence, action by forced heirs to annul does not prescribe even in five years; it is absolutely null. A condition inserted in an act of donation *inter vivos* of all the donor's property that the donee shall without charge supply the donor during his life with clothes and food, and in case of sickness with medical attention, and shall bestow on donor all the care which children would bestow on a parent, can not be considered a reservation of enough of the donor's property for his subsistence, within the meaning of Art. 1479, R. C. C. Such a donation is null for the whole. Per Curiam: The donor must keep in his own possession and ownership enough of his property for his subsistence. The mere promise of the donee to support the donor is insufficient.

ACTIONS TO ANNUL—Excessive or inofficious donations are prescribed by five years from the death of the donor. R. C. C. 3542; 11 R. 302-313; 32 An. 635; Tessier vs. Roussel, 41 An. 474; 1 An. 238; Succession of Ball, 43 An. 342.

---

*Stephen Faulk* for Defendants and Appellants:

1. When a contract is attacked upon the ground that there is no consideration shown, the party may show a consideration other than that stated in the act, provided it be the true consideration of the contract. 30 An. 966; 40 An. 229.

2. Onerous and remunerative donations must be governed by the general rules relative to other contracts. 33 An. 792.

3. If heirs can be likened unto creditors and resort to the revocatory action their action is barred by prescription of one year from the death of the donor. 39 An. 1067.

4. The burden of proof is upon the plaintiff to show that no consideration was given or that the donor had disposed of all her property without retaining a sufficient amount for her support. 40 An. 848.

## MOTION TO DISMISS.

The opinion of the court was delivered by

McENERY, J.    The plaintiffs sued the defendants to annul a donation of certain immovable property made by Mrs. Mary Rees to David Hays. There was judgment for the plaintiffs. The defendants have not appealed.

Chaffe & Powell applied for and obtained an order for a devolutive appeal from said judgment.

On their petition they aver "that the judgment rendered in said suit decreed the nullity of the sale of said property described in the petition, and alleged therein to be worth the sum of $3000. They aver that they hold the notes secured by vendor's privilege upon said property, and that by said judgment their vendor's privilege is lost, and that they have an appealable interest in said judgment, they being aggrieved thereby."

David Hays sold a portion of the property in controversy to his sons, D. S. and C. A. Hays, for the price of $1356.51, payable in instalments.

In the deed it is recited that the first named note of $334.41, due November 2, 1887, is to be transferred by the vendor to Chaffe & Powell in payment of the balance due on two mortgage notes held by said firm.

As the holder of the mortgage note thus transferred, Chaffe & Powell show that they have an appealable interest in the judgment, which, if not reversed, will destroy the value of their mortgage note. Malone vs. Husband, 10 An. 84; Compton vs. Husband, 6 R. 155; 30 An. 801; Code Practice, Art. 571.

The plaintiffs have, in their petition, made the requisite jurisdictional allegations as to the value of the property, and they can not now deny the jurisdiction of this court by showing a less valuation of the property in order to dismiss the appeal of the appellants.

The amount of the note held by Chaffe & Powell is not the test of jurisdiction, as this is not a revocatory action, but an action to set aside a donation or simulated sale of property, which, if sustained, is an absolute nullity, restoring the property to its former ownership, and thus inuring to the benefit of all creditors who have claims against it. There is some conflicting testimony as to the value of the property, but we are of the opinion that its average value per acre is $5, thus fixing it at an amount over $2000.

The motion to dismiss is denied.

### ON THE MERITS.

Mary Rees, the mother and grandmother of plaintiffs, sold to her son-in-law, David Hays, certain immovable property for cash and on terms of credit, retaining a special mortgage and vendor's priv-

ilege on the property for the credit portion of the price. She obtained judgment against Hays for the amount of the note and interest, and issued execution of the judgment and seized real estate and movable property, which was sold and purchased by her. After crediting the judgment with the amount realized from the sale in October, 1867, there was a balance due her of $1884.21, bearing interest from April 7, 1860.

Mrs. Rees went to live with her son-in-law, and remained with him until 1881, when she went to reside with her son. She gave or donated to Hays the personal property which was seized under her judgment. On the 14th day of April, 1881, she made what is described in the petition a donation of the above described property to David Hays. In the act of donation she recites, as a reason for making the same, that since the purchase at sheriff's sale by her, she had received from David Hays far more than what she had paid for the property at said sale.

To show what this consideration was, defendants offered testimony to prove that it was for taking care of Mrs. Rees when she resided with Hays. On this point the evidence is conflicting and unsatisfactory.

It appears from the testimony that Mrs. Rees was not helpless, and that she rendered services of value in the house, equal, as stated by one of the witnesses, to the amount which was necessary to provide for her. When sick at one time, her son paid the doctor's bill, thus showing that it was not the intention of David Hays nor was it expected by Mrs. Rees and her son that her residence at her son-in-law's house was to be a charge against her. This is also contradicted by the fact that at the time Mrs. Rees was residing with David Hays he was indebted to her, and if anything was due by her to him for maintenance it ought to have been credited on the judgment. It is true that at the time of the pretended donation it was prescribed, but if anything was due to Hays for board and lodging, it should have been compensated by the amount due by him and the judgment thus kept alive. However, there was a moral obligation on his part to pay this judgment, and as long as it existed it destroyed the ability of Mrs. Rees to make a remunerative donation of the property for services rendered to her.

By the act, as a simple donation, Mrs. Rees divested herself of all her property. That she was left helpless and penniless is shown by

the fact that she was compelled to go and reside with her son, and that she depended upon him for support until her death. The act of donation is invalid on its face, as it does not state that she reserved property sufficient for her support. The donation was not real, as the services rendered by Mrs. Rees at the residence of David Hays equaled in value the cost of her maintenance.

The transfer of the property was, we think, a pure simulation, an evident intention of Mrs. Rees to place it beyond the reach of her forced heirs, and she used the form of a donation to carry out this intention. The prescription pleaded by defendants can not therefore avail them.

Judgment affirmed.