PROVOSTY, J.
Plaintiff in Injunction changed its name from Church Extension Society of the Methodist Episcopal Church to Board of Church Extension of the Methodist Episcopal Church, and defendant in injunction, who aimed to sue plaintiff, brought suit and obtained judgment against Church Extension Society of the Methodist Episcopal Church; that is to say, through error, used the old instead of the new name. Execution issued on the judgment, and plaintiff has enjoined same. The judgment is for $700, and the property is worth over $2,000. Defendant in injunction, appellee here, suggests that this court is without jurisdiction ratione materias, and that the case should be transferred to the Court of Appeal, under Act No. 56 of 1904.
The suggestion is good. Where the judgment debtor enjoins an execution, the issue is as to the validity of the judgment, and the test of the jurisdiction ratione materise is the amount of the judgment, because that is the amount involved. The case is different where a third person enjoins the execution, for then the issue is as to the ownership of the property seized, and the test of the jurisdiction is the value of the property, because that is the amount involved. State v. Judge, *258 18 La. Ann. 398; Hearsey v. Booth, 33 La. Ann. 300; Stubbs v. McGuire, 33 La. Ann. 1089; Munday v. Lyons, 35 La. Ann. 990; Francisco v. Gauthier, 35 La. Ann. 393; Smith v. Mutual Ins. Co., 33 La. Ann. 1071; Holland v. Duchamp, 12 La. Ann. 784; Story v. Jones, 14 La. Ann. 73; Cushing y. Sambola, 30 La. Ann. 427; Gayarre v. Hays, 21 La. Ann. 307; Michoud v. Nolan, 24 La. Ann. 117; Poree v. Valische, 15 La. Ann. 292; Bruneau v. Haughton, 16 La. Ann. 47; State ex rel. Williamson v. Judge, 30 La. Ann. 314; Singer v. McGuire, 40 La. Ann. 638, 4 South. 578; State ex rel. Adams v. Judge, 41 La. Ann. 56, 5 South. 527; Denegre v. Moran, 35 La. Ann. 347; Id., 36 La. Ann. 424; Oglesby v. Helm, 26 La. Ann. 61; Mullen v. Zuberbier & Behan, 39 La. Ann. 889, 2 South. 785; Marshal v. Holmes, 39 La. Ann. 313, 1 South. 610; Mackenzie Case, 39 La. Ann. 508, 2 South.68.
Admittedly the judgment was intended to be obtained against the plaintiff in injunction ; hence there can be no question of the seizure being of the property of a third person, and the sole question is as to the validity of the judgment. Of that issue, involving only $700, this court has no jurisdiction; and the case, therefore, must be sent to the Court of Appeal, as suggested.
It is therefore ordered, adjudged, and decreed that this case be transferred to the Court of Appeal of the parish of Orleans, to be there proceeded with according to law, provided that before said transfer is made the appellant or its attorneys of record make oath that the appeal herein was not taken for the purpose of delay; and it is further ordered that said appellants pay the costs of this appeal incurred in this court.