(47 South. 367.)

No. 17,277.

Succession of DRYSDALE.

In re PIKE et al.

(Sept. 14, 1908. Rehearing Denied Oct. 7, 1908.)

APPEAL AND ERROR—SUSPENSIVE APPEAL—RIGHT TO.

Where, in a litigation between parties claiming an estate as heirs at law and others claiming as executors named in a will propounded by them, a judicial sequestration of the property is ordered, and the court thereafter renders judgment directing that the litigants claiming as heirs at law be put in possession and rejecting the demands of the others for the probate of the will and their confirmation as executors, the latter are entitled to a suspensive appeal from such judgment upon giving proper bond, and the effect of such appeal is to maintain the sequestration of the property.

(Syllabus by the Court.)

In the matter of the succession of Julia P. Drysdale. Application by Mary Ann Pike and others for writs of certiorari, prohibition, and mandamus. Application denied.

See, also, 46 South. 873, 121 La. 815.

Woodville & Woodville, for relators. Respondent Judge, pro se. Percy Sommer Benedict and Aloysius Joseph Cahill, for respondents Canadian executors.

Statement of the Case.

MONROE, J. The decedent, Mrs. Drysdale, died in New Orleans, where she was domiciled and where she left property, real and personal, largely exceeding $2,000 in value; and the relators, now before the court, instituted proceedings with a view to having themselves recognized as her heirs at law and sent into possession of her estate. Pending the proceedings so begun, Messrs. Bernard McCloskey and Thomas H. P. Carpenter appeared, alleging that decedent had left a will, of which they were named executors, and which had been probated in the surrogate court of the county of Wentworth, Ontario, Canada, and praying that the probate be recognized and made executory here; and such an order was made.

Thereafter relators filed a petition alleging the nullity of the will and of the proceedings taken and orders obtained by the executors, and upon the issues thus made there was judgment in favor of the executors, from which relators appealed to this court, where the judgment appealed from was reversed;

the decree of this court reading in part as follows, to wit:

"After much consideration we have reached the conclusion that in order to do full justice to all parties we should annul, avoid, and reverse the judgment appealed from herein, and annul and set aside the order of the district judge of the 13th of February, 1906, which appellants herein seek to have annulled and set aside, without prejudice to the rights of the appellees to apply hereafter for the original probating of the alleged last will and testament of Mrs. Julia P. Drysdale, and that appellees pay the costs in both courts; and it is accordingly so ordered, adjudged, and decreed."

On the application for rehearing it was said (inter alia):

"As stated in our opinion, the photographic copy of the will and signature, produced below, is not sufficiently authenticated and proved to serve as a substitute for the original." Succession of Drysdale, 46 South. 873, 121 La. 815.

Relators thereupon filed a petition in the district court asking to be put in possession as the sole legal heirs of the decedent, and the executors about the same time presented a petition asking to be allowed to obtain certain testimony in Canada in support of the will, which request was denied. The court, however, ordered that the application of the relators be held in abeyance for a period of 31 days, in order to afford the executors an opportunity to produce the original will, and within that time they produced the instrument which had been admitted to probate as the original and genuine will of Mrs. Drysdale (but which relators have attacked as a forgery), and undertook to establish it by proof, administered contradictorily with relators; the result being a judgment which reads in part as follows:

"It is ordered, adjudged, and decreed that the petition to probate the will of Mrs. Julia P. Drysdale, filed July 20, 1908, be and the same is hereby dismissed; and it is further ordered, adjudged, and decreed that Miss Mary Ann Pike and John Thomas Pike be and they are hereby recognized as the sole heirs of Mrs. Julia P. Drysdale, and as such they be sent into possession of her estate, real, person, and mixed."

Within the legal delay the executors obtained an order allowing them an appeal from the judgment so rendered and fixing the amount of the bond for a devolutive appeal at $75, and for a suspensive appeal at $500, and they gave the bond required for a suspensive appeal. It may be here stated that, in acting upon the petitions presented by the litigants, respectively, after the case had been remanded by this court, the judge a quo ordered a judicial sequestration of the property of the succession, which since then has been, and is now, administered by the sheriff.

Relators, having moved unsuccessfully in the district court to dismiss the suspensive appeal so granted, now apply to this court for its dismissal, and for such orders as will enable them to execute the judgment putting them in possession, on the ground that no suspensive appeal lies from such judgment.

### Opinion.

Under the Constitution the appellate jurisdiction of this court "extends to all cases where the matter in dispute, or the fund to be distributed, whatever may be the amount therein claimed, shall exceed two thousand dollars, exclusive of interest"; that is to say, it is within the contemplation of the Constitution that an appeal will lie to this court from a judgment rendered in any case in which the matter in dispute or the fund to be distributed shall exceed $2,000, and as in the case at bar the matter in dispute largely exceeds that amount there can be no doubt of the right of appeal. Const. Art. 85. There are, however, certain conditions imposed by law with respect to the exercise of the right so granted. Thus there must be either a final judgment, or else an interlocutory judgment, which may work an irreparable injury. Code Prac. arts. 565, 566. So, too, the law makes provision for appeals which suspend execution and for those which do not; the general rule being that the party taking the

appeal may choose for himself. To this general rule, however, there are certain exceptions, specifically provided for cases in which the lawmaker has considered that the interest of litigants (and of third persons, not parties to the judgment appealed from, as well) will be best subserved by allowing the judgments of the trial courts to be provisionally executed, and the right to suspend the execution of the judgments in such cases is therefore denied. Thus Code Prac. art. 580, reads:

"Some judgments, however, are executed, provisionally, although an appeal has been taken from the same, within the delay prescribed, and the necessary surety given. Such judgments relate:
"1. To the nomination of tutors and curators of minors, of persons absent or interdicted, and of vacant successions.
"2. To the appointment of syndics of creditors, when the court orders that they shall administer provisionally."

See, also, Code Prac. art. 1059; Civ. Code, art. 1160.

And Civ. Code, art. 395, reads:

"Every judgment by which an interdiction is pronounced shall be provisionally executed, notwithstanding an appeal."

Code Prac. art. 571, provides that:

"The right of appeal is given, not only to those who were parties to the cause in which a judgment has been rendered against them, but also to third persons, not parties to such suit, when such third persons allege that they have been aggrieved by the judgment."

· And Code Prac. art. 572, provides that:

"Tutors, curators, and other persons charged with the administration of another's estate, may appeal for the benefit of the persons whose property they administer, if they deem an appeal necessary."

In the instant case, therefore, it is evident that, in so far as the judgment appealed from directs that relators be put in possession of the property in dispute, it is not within the exceptions enumerated, and hence cannot be executed pending a suspensive appeal. It is equally evident that appellants would have been entitled to suspend the execution of such judgment by appeal, upon merely alleging that they were aggrieved thereby and furnishing the required bond, and they can hardly have been prejudiced in that respect by alleging the character and the extent of their interest. In so far as the judgment rejects their application for the probate of the will propounded by them and for their appointment as executors, the appeal, call it what we may, has no other effect than to hold the matter in court until it can be finally disposed of, just as does an appeal from a judgment rejecting a demand for money or property not under seizure. It is said, however, that in this case the effect of the appeal is to maintain the seizure of the property, and that the seizure, being merely incidental to the demand for the probate of the will and the appointment of the executor, should fall with the rejection of that demand. The judicial sequestration of the property was, however, no more incidental to the demand of the appellants than of the relator. The judge a quo was confronted with a situation in which litigants upon the one side were claiming the property as heirs at law, and upon the other as testamentary heirs, and he ordered that the sheriff should hold it until the question which of the parties is entitled to it could be determined, and, having reached a conclusion upon the subject, he rendered a final judgment, which was certainly appealable, and from which, for the reasons stated, we think he properly allowed a suspensive appeal.

The demands of the relators are therefore rejected, and this proceeding dismissed, at their cost.