On Motion to Dismiss.
BRÉAUX, C. J.
Appellees have moved to dismiss the appeal on the ground that the *344 appeal was not taken in time to act as a suspensive appeal.
The appeal is now before us.
The question is unimportant, and, if the grounds were sustained, the appeal would still remain as a devolutive appeal.
The bond was in amount fixed by the court. It is good as a devolutive appeal.
The doing of a vain thing does not recommend itself.' The suspensive appeal will not be dismissed, as it would serve no purpose to dismiss it.
The appellees also urged their motion to dismiss ratione materiae of the appeal.
There are two injunction suits.
There are eight heirs. Mrs. Long enjoined as to her interest. She claims one-sixteenth of the property as her share. Pour of the other heirs joined in one injunction as to their interest. They are Miss Lucile and James McCulloch, Mrs. Elise McCulloch, and Mrs. Katherine McCulloch. The other three heirs did not join in these petitions.
The claim of defendant in injunction is for over $2,000.
The highest amount claimed by the heirs jointly is $2,000.
The question is whether or not the amount of plaintiff’s claim or the value of the heir’s interest in the succession determines the amount in dispute; in the latter case, the amount in dispute would not exceed $2,000.
The judgment orders cancellation of a mortgage for an amount over $2,000 in value exclusive of interest. The appeal is within this court’s jurisdiction. Bussiere v. Williams, 37 La. Ann. 387; State ex rel. Bloss v. Judges of Court of Appeals, 33 La. Ann. 1351; Endom v. Ludeling, 34 La. Ann. 1024.
The motion to dismiss is denied.