(102 So. 411)

No. 26678.

Succession of WILLIAMS.

FLANAGAN v. LAND DEVELOPMENT CO. OF LOUISIANA, Limited.

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. Courts ⚖⇒224(2)—Supreme Court without jurisdiction of appeal not involving interpretation of its judgment in former case of which instant case is branch.

Issues presented by appeal, where Supreme Court was otherwise without jurisdiction, *held* not to involve interpretation by court of its judgment in former case of which instant case is branch; therefore court was without jurisdiction within rule that, when appeal is branch of first case in which Supreme Court rendered judgment, it has jurisdiction in matter of interpreting its own judgment.

2. Courts ⚖⇒224(11)—Test of jurisdiction of Supreme Court on appeal in suit between judgment debtor and creditor to enjoin execution of judgment is amount of judgment.

On appeal to Supreme Court from perpetuation of injunction in civil district court enjoining execution of judgment for $171.73, court was without jurisdiction ratione materiæ, under rule that in such suit where property seized belongs to judgment debtor test of jurisdiction is amount of judgment enjoined.

Appeal from Civil District Court, Parish of Orleans; William H. Byrnes, Jr., Judge.

·Suit for injunction by the Succession of Emma Williams, P. J. Flanagan, administrator, against Land Development Company of Louisiana, Limited. From judgment per-

petuating injunction, defendant appeals. Appeal transferred to Court of Appeals for the Parish of Orleans.

Theodore Cotonio, of New Orleans, for appellant.

Charles E. Dunbar, Jr., P. D. Olivier, and F. Rivers Richardson, all of New Orleans, for appellee Nicholls.

BRUNOT, J. In the brief of appellee we find an accurate statement of the case, from which we quote the following:

"The facts involved in this litigation are fully set forth in the petition for an injunction. It appears that the appellant, having obtained a judgment on a reconventional demand for $1,-371.75, with right to prior payment, sold certain property made the subject-matter of the ·original litigation, but the proceeds of the sale did not discharge the judgment by $171.73. Thereafter the representative of the succession of Williams sued the appellant for rents and revenues of the property, which right had been reserved to the succession by this court. When this suit was filed, the appellant caused an alias writ of fieri facias to issue, and thereunder seized this suit, and because thereof the succession sued out a writ of injunction to prevent the appellant from interfering with the administration of the estate and to quash the seizure. Preliminary exceptions to these injunction proceedings were sustained by the trial court, but, on appeal to the Court of Appeal, these judgments were reversed and the cause remanded for trial on the merits of the injunction. A writ of review was prosecuted to, and granted, by this court in proceeding No. 25561 of its docket, where finally this court, adopting the opinion of the Court of Appeal, made its decree the decree of this court (153 La. 206, 95 So. 607). Upon the cause being heard on the merits of the injunction proceedings in the civil district court, the injunction was perpetuated, and from this judgment an appeal is taken to this court, where a motion to dismiss is made because this court is without jurisdiction ratione materiæ, the amount involved in the injunction proceeding being only $171.73."

It is contended that the question present-' ed to this court involves an interpretation of the judgment rendered by it in Flanagan v. Land Development Co., 145 La. 843, 83 So.

39, and that, when the appeal is a branch of the first case in which the Supreme Court rendered judgment, the Supreme Court has jurisdiction in the matter of interpreting its own judgment.

[1] We have carefully read the record and the briefs filed, but we do not consider that the issues presented involve an interpretation by this court of the judgment rendered by it in Flanagan v. Land Development Co., 145 La. 843, 83 So. 39, and therefore the authorities cited by counsel in support of this court's right to interpret its judgments do not apply.

[2] It is held in the case of Hearsey v. Booth, 33 La. Ann. 300, that—

"In actions to enjoin the execution of judgments, as between the parties themselves, the jurisdiction of this court depends on the amount of the judgment enjoined, and is not aided by the value of the property seized, or by the amount of the damages claimed by the appellant."

In Munday v. Lyons, 35 La. Ann. 990, it is held that—

"The test of jurisdiction in an injunction suit, where the property seized belongs to the judgment debtor, is the amount of the judgment enjoined."

This decision is in accord with the jurisprudence of this state. Loeb v. Arent, 33 La. Ann. 1085; Endom v. Ludeling, 34 La. Ann. 1024; Succession of Dougart, 42 La. Ann. 516, 7 So. 794; Robson v. Beasley, 119 La. 387, 44 So. 136; Succession of Drysdale, 122 La. 37, 47 So. 367.

We are of the opinion that this court is without jurisdiction ratione materiæ, and it is therefore ordered that this appeal be transferred to the Court of Appeal for the parish of Orleans to be there heard and disposed of according to law. Appellant to pay costs of appeal to this court.

ROGERS, J., takes no part.