GAINNE vs. HEPP.

APPEAL FROM THE COURT OF PROBATES OF NEW-ORLEANS.

A legatee does not forfeit her legacy by her neglect to make an inventory according to the will.

MARTIN J., delivered the opinion of the court.

The defendant, mother, tutrix, and curatrix of the wife, is sued for an account of the estate of the latter. 3 *L. Rep.* On the exhibition of the account, the plaintiffs objected to the first item, by which the defendant charged herself with a sum of thirty-eight thousand four hundred and seventy-one dollars, the amount of a judgement obtained against Ducros & Son. The plaintiffs contended the defendant was chargeable with forty-six thousand eight hundred and six dollars, allowed her by the Ducros on a settlement. The objection was sustained, and there having been a final judgement against the defendant, she appealed.

It appears that Lafonta, the natural father of Mrs. Gainne, left to her and her two brothers, a claim of thirty-eight thousand dollars on Ducros & Son; but bequeathed to the defendant one-half of the interest on that debt during his natural life.

After the execution of the will, but before the testator's death, the debt was reduced by a partial payment, which came to his hands; and by a decision of this court the claim of the legacy was reduced to the balance due by the Ducros after deducting this payment. For this there was judgement against the Ducros for thirty-eight thousand four hundred and seventy-one dollars, which was increased to forty-six thousand eight hundred and six dollars, in an extension of the time of payment. The difference between these two sums, being composed of interest alone, belonged of right, for one-half, to the defendant. Mrs. Gainne had a right to one-third of

EASTERN DIS.
July, 1832.

GAINNE
vs.
HEPP.

the other half; but the Court of Probates allowed her to retain it as she showed she had spent much more in the support and education of her daughter.

It is, therefore, clear, the Court of Probates erred in sustaining the objection to the first item, as the defendant was accountable for the new capital which had been reduced by law charges two thousand and forty-three dollars, to thirty-six thousand four hundred and twenty-eight dollars; of which the plaintiffs are entitled now to one-sixth, the one-half of the legacy, or six thousand and seventy-one dollars and thirty-three cents.

It is admitted the defendant has paid for a beneficial purchase, for the benefit of the three legatees, fifteen thousand dollars. They are desirous of availing themselves of it, and she is therefore entitled to debit the plaintiff for five thousand dollars, whereby the balance due by her is reduced one

The plaintiffs have further a right to one-third of one-half thousand and seventy-one dollars and thirty-three cents.
of the capital in the defendant's hands, of which the latter is entitled to retain the interest during her natural life. The plaintiff's share of this remaining capital is five thousand six hundred and ninety-seven dollars and sixteen cents.

The judge of probates has decreed that the defendants invest this sum according to the will, in stock of the Louisiana State Bank, or put it out at interest on good security, with the consent of the plaintiffs; or, in case of refusal by the authority of the Court of Probates, the defendants enjoying the interest or dividends, as the case may be, during his natural life.

A legatee does not forfeit her legacy by her neglect to make an inventory according to the will

The plaintiff's and appellant's counsel has contended that the defendant has forfeited her legacy or claim to the interest or dividends, by her failure of making the investment in Louisiana State Bank stock, as directed by the will. He has shown, and we are acquainted with, no law in support of this pretension.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Court of Probates be annulled, avoided,

and reversed, and that the plaintiffs recover from the defendant the sum of one thousand and seventy-one dollars and thirty-three cents, and that the defendants invest in Louisiana State Bank stock, in the name of Mrs. Gainne, the sum of six thousand and seventy-one dollars and thirty-three cents, or put the same out at interest, on good security, with the consent of the plaintiffs, or, in case of refusal, with that of the Court of Probates; the dividends or interest of which sum are to be enjoyed by the defendant during her natural life: the costs in both courts to be borne by the estate.

*Lockett*, for appellant.   *Canon*, for appellee.