The opinion of the court was delivered by
Breaux, J.
The plaintiff applied for and obtained an order of seizure and sale upon a mortgage recorded in the mortgage office May 15, 1893, commanding the sheriff to seize and sell the property described in the deed.
The amount of the sale, ñfty-six thousand five hundred and fifty dollars, was not sufficient to pay the amount due on the mortgage upon which the process to foreclose issued, much less the debts claimed as privileged.
The contest is between the holders of bonds secured by the mortgage and creditors who claim a superior right under alleged privileges.
The appellants admit that the amounts claimed by these creditors are due and deny that they are entitled to a privilege. The denial is qualified by excepting the Delavergne Refrigerating Machine Oom *1485 pany, entitled, it is admitted, to the privilege it claims. The company’s property was encumbered with a mortgage of thirty-five thousand dollars. The following are the facts with reference to that mortgage:
The stock of the company was fixed at three hundred thousand dollars. The stockholders were slow in paying, their subscriptions. The board, in consequence, determined to borrow the amount of thirty-five thousand dollars on mortgage. It was taken by three of the directors. In other words, these directors received thirty-five bonds for the debt of thirty-five thousand dollars, not matured at the time of the transaction, which the company owed them.
Subsequently the board of directors resolved to finish the plant by borrowing money on bonds secured by mortgage on the company’s property, and to exchange a portion of the bonds thus secured for the prior mortgage of thirty-five thousand. The total of the bonds thus secured by mortgage was one hundred and twenty-five thousand dollars, that is, one hundred and twenty-five bonds of one thousand dollars each.
Thirty-five of these bonds were exchanged for the prior mortgage, which these directors holding the prior mortgage accepted and consented to a cancellation of their prior-mortgage.
It is proved that more than .eighty of these one hundred and twenty-five bonds issued are held by the directors, and as to the 80-125 of the proceeds of the sale the contest is between the members of the board of directors who are creditors (that is, owners of nearly all the bonds secured by mortgages as mentioned supra) and the creditors of the -company claiming as privilege, who are:
Manion & Co .....................................................................................................$4,350 06
Edward Thompson..................................................................................... 1,603 51
The Southern Electrical Manufacturing Supply Company........................... 531 00
The Delavergne Refrigerating Company................................................. 1,600 00
Frank Schiele................................................................................................ 690 23
and the civil sheriff for costs.
These privileges of the first five named creditors were recorded, but not strictly within the time required by law to give them preference over a previously existing duly recorded mortgage securing the claim of a third person.
Manion & Co. and Edward Thompson are for labor and material in the construction of the slaughter house, under Art. 8249, C. C.
The Southern Electrical Manufacturing and Supply Company and *1486 the Delayergne Refrigerating Machine Company are for the balance price, admtted, of movables.
The last, Frank Schiele, for salary and labor.
Prior to the sale creditors of the defendant claiming privileges Obtained orders for the separate appraisement and sale of particular property.
All the parties were finally brought before the court quasi in concurso.
The plaintiff in the proceedings prayed to have the mortgage securing the bonds held by him decreed prior in rank to any other claim against the proceeds of the sale.
The creditors who claim a privilege urge that the directors of a company by whom a contract is made for labor and materials furnished to the company are not third persons, and can not take advantage of a delay in inscribing the contract or the evidence of the debt. It was proved during the trial that plaintiff is not the owner of the bonds upon which he brought suit to foreclose the mortgage. That they were owned by one of the directors who chose to foreclose in the name of a third person.
The property was adjudicated to a trustee for six of the directors of the company, together with others, not directors. One of these directors is really the owner of the bonds sued on, for whom the nominal plaintiff brought the suit.
The adjudícateos of the property and the nominal plaintiff, appellants, do not oppose the judgment in favor of the Delavergne Refrigerating Ice Machine Company and the civil sheriff for costs; but they pray that the judgments in favor of Manion & Co., Edward Thompson, Frank Schiele, agent, and the Southern Electrical Manufacturing and Supply Company be reserved as far as it gives a privilege upon the property superior to the mortgage of the bondholders.
The controversy on appeal is between the creditors who claim privileges and the creditors who claim on their bonds secured by mortgage. The creditors contend, that the directors are not third persons.
It is settled that a corporation may borrow money of a director, for the payment of which it is absolutely bound.
But the mortgage given is subject to the closest scrutin'y; candor and fair dealings are essential to its validity.
*1487 In Twin Lick Oil Co. vs. Marbury, 91 U. S. 587, 590, the right of a director, who is a creditor of a corporation, is recognized, and he realized the amount due him upon the security he held against the company of which he was a director.
The contest in that case was between the director and one of the stockholders.
Thj obligation of the directors toward a creditor, under whose authority contracts were made, materials purchased and labor performed, has a greater element of responsibility.'
These creditors, unlike shareholders, can have no hearing in the management, no right to examine the books under any circumstances, and none of the rights of the stockholder.
The case here is an extreme one.
The accounts of appellees, save a few hundred dollars, were all due at the time that the corporation, through the Board of Directors, resolved to issue bonds, in order, we are informed, to hold the shares of the capital stock, not disposed of, in its possession and procure the money necessary to complete the installation.
Virtually, these bonds were designed to perform the office of preferred stock; they were made and issued in lieu of the stock in possession of the company.
They, under the circumstance, can not entirely escape, when creditors are concerned, the onus and responsibility attaching to stock.
QUI SENTIT COMMODUM SENTIRE DEBET ET ONUS.
The purpose was, presumably, to add to the value of the shares by issuing and negotiating bonds.
It is proved that nearly all of them were owned by the directors.
The mortgage was foreclosed, and they, with two or three others, not directors, became the owhers.
The mortgage and the sale under foreclosure, it is claimed by plaintiff and appellant, are superior to the claims of the appellees. We do not think it is possible by the foreclosure of a mortgage, as here foreclosed, to put an end to the claim of creditors, in the individual interest of the directors. These debts were contracted under their management, and while they were in office.
They are not third parties; they had full knowledge and were under some obligation to see these creditors paid, and not to claim *1488 priority over their claims. Cochran vs. Ocean Dry Dock Company, 30 An. 1365; Cook on Stock and Bondholders, See. 661.
Mortgages and privileges affect third persons when recorded.
The director who is the trustee of the creditor, who has it in his power to stop expenses and prevent losses to the creditor, is not a third person who can acquire rights superior to him.
After these debts to appellees had been incurred the larger amount was borrowed by the defendant company.
It was expended in a short time, under the management of the board of directors.
Not having paid the appellees from these large funds, are they not, as creditors, precluded by their trust from securing to themselves by their official action any preference or advantage over other creditors?
The director can not,.in law, under his management expend large amounts and leave his creditor to the unequal contest of establishing his claim as best he may.
As between the directors’ mortgage on property bought as in this case and the privilege claimed by the creditors the preponderance of right is decidedly in favor of the latter.
The creditor has the right to the exercise of disinterested diligence and zeal of the director in behalf of the payment of his claim.
The equity of the creditors’ claim is of a persuasive character.
Here the directors and the furnisher of supplies to them and of labor are the contestants. However binding the former’s claim is against other interests it does not defeat the privilege claimed.
This being our conclusion we deem it unnecessary to pass upon the Other question raised.
The judgment appealed from is affirmed.