## No. 12,724.

ALLEN M. BRASHEAR VS. THE ALEXANDRIA COOPERAGE COMPANY, LIMITED; OPPOSITIONS TO RECEIVER'S ACCOUNT.

When there is no written contract for the wages of laborers or with those who repair or furnish materials, claiming privileges on immovables for such wages, repairs or materials, the registry of such privileges must be made within the period fixed for registry computed from the dates when the wages become due, the repairs completed, or when the materials are furnished. Constitution, Art. 176; Civil Code, Arts. 3186, 3249, 3272; R. S., Sec. 3093; 27 An. 243.

Mortgages, in the usual course for cash advanced the debtor, are not within the scope of our law, presuming the fraudulent preference from the mortgage granted within three months preceding the debtor's insolvency. C. C. 1981; Revised Statutes, 1808; 37 An. 595.

The director claiming under a mortgage in his favor by the corporation, can not compete in the distribution of the proceeds of the mortgaged property with the corporate creditor to whom on the same date the mortgage note is delivered to the director the directors authorize the mortgage on which the corporate creditor advances his money to the corporation. 47 An. 1487; Taylor on Corporations, Sec. 759.

If the director can not enforce to the prejudice of the corporate creditors the mortgage in his favor cy corporation, neither can the transferee.

APPEAL from the Tenth Judicial District Court for the Parish of Rapides. *Hunter, J.*

*Robert P. Hunter* and *H. H. White* for Receiver, Appellee.

*John C. Blackman* for A. M. Brashear, Opponent, Appellee.

*John C. Ryan* for Samuel Warshauer, Opponent, Appellant.

*Julius F. Ariail* for Lone Pine Saw-mill, Opponent, Appellant.

*Andrews & Hakenyos* for First National Bank of Alexandria, Opponent, Appellant.

Argued and submitted February 9, 1898.
Opinion handed down March 21, 1898.
Rehearing refused May 2, 1898.

The opinion of the court was delivered by.

MILLER, J. This appeal is by creditors of the defendant corporation, opponents, some of them to the account filed by the receiver of the corporation, and by others placed on the account complaining of the judgment of homologation.

It appears from the record that the defendant corporation made a mortgage on its property to raise money and provide for its debts. The mortgage notes were delivered to the directors, except one, transferred for cash, furnished by the transferee, and some of the notes given to the directors some were transferred by them. Subsequently, the corporation closed its factory, due to pecuniary embarrassment, and on the 12th of April went into the hands of a receiver. Its property was sold, and in due course of administration he filed his account. On that account law charges, amounting to six hundred and nineteen dollars, are ranked first, and to these there is no contention. Next in order of payment the receiver places labor claims, i. e., of laborers working on the factory; then creditors who furnished materials for such repairs or who repaired portions of the machinery; and the account then ranks the holders of all the mortgage notes as entitled to share the residue of the fund in the hands of the receiver. The oppositions are to the claims of the laborers, the furnishers of materials for repairs, and to the creditors claiming amounts due for such repairs, and the privilege accorded them on the account is denied, on the ground the claims were not recorded in the period designated by law. The oppositions seek to exclude from payment all the mortgage notes, on the ground they were given to the directors, and void, whether held by them or transferred. The creditor who furnished money for one of the mortgage notes is opposed, on the ground of the alleged unlawful preference given him within three months of the alleged insolvency of the corporation, and he, in turn, opposes the distribution to the holders of any of the notes given to the directors; finally, there is an opposition by a creditor left off the account, for the recognition of his debt and denying the preference claimed of payment of certain judgments duly recorded paid by directors under payments by them with subrogation to the rights of the judgment creditors.

The judgment of the lower court maintained the privileges of the laborers, that for repairs and the claims of the furnishers of material men and it maintained the mortgages asserted for all the notes;

it recognized the debt of the opposing creditor left off the account, but denied him any preference, and in other respects maintained the account as filed.

The appeals are by the note holder who advanced the money to the corporation on the faith of the note and mortgage; by other note holders including the directors, and by the creditor claiming recognition of his debt.

Our law requires all privileges on immovables to be recorded. When recorded within the prescribed period, it is declared, they rank previous mortgages. This period is seven days from the date of the contract or private writing evidencing the debt, or affidavit of the debt when there is no writing. Const., Art. 176; Civil Code, Art. 3186; Acts 1877, p. 59. In the case of laborers engaged in repairing machinery, or other employments requiring the services of that class, there is not usually any writing evidencing their claims. But it is against the letter and policy of our law that such privileges should be of indefinite duration. The courts must give that reasonable construction to the registry of privileges on immovables as will effect the purpose of the Constitution and laws without imposing unnecessary or burdensome conditions on the creditor. The date when the wages of the laborer becomes due, entitled to a privilege on the immovable, easily determinable by the mode of payment by the week, month or day; and the date when repairs are completed or materials furnished when privileges on immovables are asserted for such repair or supplies, in our view, are the dates from which the payment is to be computed for registry of such privileges. Const., Art. 176; C. C., Arts. 3274, 3186; Acts 1877, p. 59; R. S. 3093; City of New Orleans vs. Stafford, 27 An. 423.

The right of a director to acquire mortgages against the corporation has been the subject of discussion in other courts. We are not required, in this case, to deal with exceptions. The general rule is against the competition of the director as a mortgage creditor of the corporation with the creditors of the corporation. The rule has its modifications, but is based on the fiduciary relation of the director to the corporation, and on that relation he stands to creditors. We had occasion to apply this exclusion in 47 An. 1481, Cahill vs. Slaughterhouse Co., Ltd. We have in this record the proof that on the same date, December 21, 1865, six notes are executed by the corporation, all delivered to the directors, except one issued to D. M.

Brashear for cash advanced by him to the corporation on the faith of the note and mortgage. It seems to us, on obvious justice, no director can participate in the proceeds of the mortgaged property with the creditor thus advancing his money. Taylor on Corporations, Sec. 759; Cahill vs. People's Slaughterhouse Co., Ltd., 47 An. 1483.

The mortgage of Brashear is opposed as a fraudulent preference, and the fraud, it is urged, is to be presumed because the company closed its factory and must be deemed to have been insolvent on the 7th of March, 189-, the mortgage having been executed within the preceding three months. We find no occasion to determine whether the alleged actual insolvency of a corporation is to be deemed the equivalent of the insolvency of an individual referred to in the Code, and understood to mean the cession of his property. R. S., Sec. 1808; Bauduc vs. His Creditors, 4 La. 246; Seixas vs. Citizens Bank, 38 An. 424; State National Bank vs. New Orleans Brewing Association, 49 An. 934. It is quite clear that the transaction between Brashear and the corporation was not a preference within the prohibition of the law. The law protects all mortgages given, as this was, in the usual course, for money advanced by the creditor. Civil Code, Art. 1986; R. S., Sec. 1808; Black vs. Richardson, 37 An. 595. In our opinion, the creditor is entitled to rank for payment in preference to any demand on the notes given to directors and next after privileged debts.

Two of the notes issued to the directors are held by transferees. It is claimed they are entitled to the mortgages whatever the defect arising from the fact the mortgages were to directors. The general rule is the mortgage vicious in its origin remains so although transferred. We find no occasion to deal with exceptions to the rule. The corporation as we read the record had no part in transferring the notes. If as we hold, the mortgage by the corporation in favor of its directors can not be enforced to the prejudice of the creditors of the corporation, in our opinion the transferee of the directors stands in no better position. The rule of the commercial law that protects the *bona fide* holder for value of commercial paper does not extend its protection to mortgages.

The record shows two judgments against the corporation recorded as mortgages and paid under subrogations by the directors. We do not appreciate that the principle restraining the dealing between the corporations and the director, by which he claims to acquire prefer-

ences over other creditors, has the least application to deny his right of subrogation to the right of the corporate creditor whose debt is paid by the director.

The record does not give us the basis on which we can adjust the rights of the parties. For that purpose with the determination of the questions as herein announced we will remand the case.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed; that the receiver file his account, distributing the funds in his hands to the payment first to the law charges as ranked on the account before us; next to labor claims and debt for materials furnished and repair to the factory, if recorded within the period herein designated, then to A. M. Brashear the amount of his mortgage debt, the residue to the directors for amount of the judgments paid by them, and finally any surplus to go to ordinary creditors and that the appellees pay costs.