(83 South. 830)

No. 22398.

ARMSTRONG v. ELLERSLIE PLANTING CO., Limited (BORAH, Garnishee).

(Feb. 2, 1920.)

*(Syllabus by Editorial Staff.)*

1. GARNISHMENT ⟨⟩158—FAILURE OF CLERK TO INDORSE FILING MARK ON MOTION FOR RULE TO TRAVERSE DID NOT EFFECT RELEASE.

Clerk's failure to indorse filing mark upon a motion for rule to traverse the answer of a garnishee before the expiration of 20 days from the notice of the filing of the answer did not have the effect of releasing the seizure under Act No. 73 of 1884, and plaintiff, having reasonably complied with such law, the motion will be treated as having been filed on the date it was handed to the clerk.

2. CORPORATIONS ⟨⟩542(3)—PRESIDENT CANNOT PREFER HIMSELF AS CREDITOR.

The president of an insolvent corporation who advanced money to pay its debts cannot prefer himself as a creditor and have transferred to him corporate property in payment of the advancements, even with the formal consent and official action of other corporate officers. .

3. CORPORATIONS ⟨⟩543—RIGHTS OF PLEDGEE TO PROPERTY OF INSOLVENT CORPORATION SUBORDINATE TO PRIOR CREDITOR.

Where notes belonging to an insolvent corporation were transferred to an officer in payment for money advanced, his rights under the attempted preference being subordinate to the rights of a creditor of the corporation, the rights of his pledgee, who had knowledge of the insolvency and of all matters connected with the notes, must be held subordinate to the rights of other creditors.

4. ATTORNEY AND CLIENT ⟨⟩184—LIEN OF ATTORNEY ON PAPERS SUBORDINATE TO CREDITORS OF CORPORATION IMPROPERLY TRANSFERRING SUCH PAPERS TO CLIENT.

Where insolvent corporation improperly gave a corporate officer a preference by transferring notes to such officer in payment of money due such officer from the corporation, and such officer placed the notes in the hands of an attorney for collection on a contingent basis of one-third, the lien of the attorney was subordinate to the rights of the creditors of the insolvent corporation; the attorney having knowledge of all the facts.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Thomas M. Milling, Judge.

Action by Johnston Armstrong against the Ellerslie Planting Company, Limited, and Charles F. Borah, garnishee. From an adverse judgment, the garnishee appeals. Affirmed.

Borah, Himel, Bloch & Borah, of New Orleans, for appellant.

Robert H. Marr, of New Orleans, for appellee.

DAWKINS, J. Having previously obtained judgment against the defendant, Ellerslie Planting Company, Limited, for several thousand dollars, plaintiff issued a writ of fieri facias thereon, accompanied with interrogatories in garnishment, and had them served upon Charles F. Borah as garnishee. The garnishee answered on May 6, 1916, denying that he held any funds or property belonging to the defendant, but stated that he held in his possession two notes of the Bayou

Salle Planting & Drainage Company for $36,-666.66 each, which had been given by the maker as part of the purchase price of certain plantation property bought of the defendant company; that the said notes were the property of the heirs of Mrs. Fannie M. Todd, deceased, and were held by him in pledge to secure a personal indebtedness of some $2,000, and under an agreement with the law firm of Borah, Himel, Bloch & Borah, of which he was a member, by which it was to endeavor to collect said notes on a contingent fee of 35 per cent. of whatever might be realized thereon. On July 12, 1916, notice of the filing of the answers to the interrogatories in garnishment was served on the plaintiff, and on July 27th following, his counsel prepared and forwarded to the clerk of court at Franklin, La., where the proceedings were pending, a motion for a rule to traverse those answers. This motion was actually received by the clerk, according to an admission in the record, on July 28th, but not indorsed as filed until August 9, 1916, more than 20 days subsequent to the service of notice of the filing of the answers.

Thereupon the garnishee filed a plea of prescription of 20 days, and claiming that the seizure had been ipso facto released. This plea was overruled, the issues were tried on the answers and rule to traverse, and resulted in a judgment in favor of plaintiff, making the rule absolute, and ordering that the garnishee deliver the notes to the sheriff, as the property of Ellerslie Planting Co., Limited, to be sold in execution under the writ.

The garnishee prosecutes this appeal.

### Opinion.

[1] It is contended by the garnishee that the failure of the clerk to indorse the filing mark upon the motion for the rule to traverse, before the expiration of 20 days from the notice of the filing of the answers, had the effect of releasing the seizure, according to Act No. 73 of 1884. We quote from the statute relied on as follows:

"That hereafter in all cases in which a party has been garnisheed, as soon as the answer of the garnishee has been filed, the clerk of the court shall give the plaintiff, or seizing creditor, notice in writing of the answers of the garnishee, which notice shall be served on the plaintiff, or seizing creditor, in the same manner that citations are served in ordinary suits, and in all cases where the plaintiff, or seizing creditor, desires to disprove or traverse the answers propounded to a garnishee under a writ of attachment or of fieri facias, he shall, within twenty clear days after service of the notice of the filing of the answer by the garnishee has been made upon him as aforesaid, file a rule in court or institute other proceedings against the garnishee for the purpose aforesaid, and upon the failure of the plaintiff or seizing creditor to file a rule or institute other proceedings as aforesaid, any property, rights or credits in the hands of the garnishee shall, by the mere fact of said failure, be considered as released from seizure under said writ of attachment or of fieri facias, and no proceedings of any nature in said suit shall thereafter be allowed to subject such property, rights or credits in any manner to said writs, except after a new seizure and the service of new interrogations. Provided, that nothing in this act shall be so construed as to deprive the plaintiff or the seizing creditor of the right, at any time, to hold the garnishee liable under the answers made by him to the interrogatories."

Plaintiff, on the other hand, takes the position that he had done all that could be required of him under this statute, when he placed the rule to traverse timely in the hands of the clerk, and that he should not be held to the necessity either personally, or through counsel, of following the matter up to see that the clerk performs his plain ministerial duty.

No explanation is furnished by the record of why the clerk held this pleading from the 28th of July to the 9th of August, without indorsing the filing mark thereon. It would also seem that if counsel for plaintiff had filed a motion in the court below, requesting

that the rule be filed nunc pro tunc, as of July 28th, the date on which it came into the clerk's hands, on the showing made by this record, the lower judge would have been justified in so disposing of the matter. State v. Daniels, 49 La. Ann. 954, 22 South. 415. If this could have been done, it was because the plaintiff had reasonably complied with the statute, in so far as he personally or his counsel were called upon to act. It could hardly be contended that, if a litigant presented a pleading such as this, which he was required to file within a given delay, in ample time and accompanied with all of the requisites under the law, and the clerk should arbitrarily decline to indorse the filing mark thereon, thereby compelling the party to apply to the judge for a mandamus, and before such application could be passed upon the delays should expire, such litigant would be thereby deprived of the benefit of having his pleading filed within such delay. But it seems to us that the position of the garnishee in this case would lead logically to such unreasonable conclusion; and, if we were to hold that this were the law, it would be to permit the clerk, through his failure or refusal to perform his plain legal duty, to deprive litigants of substantial rights' accorded them under the law. Such could not have been the intention of the framers of this statute. Its purpose was to require those seeking to bring third persons into litigation by the speedy process of garnishment, to determine promptly whether they were willing to abide the answers of the garnishee, and, if not, to be seasonably advised of such conclusion in a matter in which otherwise they have no interest. In this case, if the garnishee had applied to the clerk at any time after July 28th, he would have found that the plaintiff had questioned his answers. Again, if the garnishee's contention be correct, even if the clerk had timely indorsed the file mark upon the rule, and had failed to issue the notice (since a rule implies a notice of some kind), or if the sheriff had failed to serve it within the 20 days, plaintiff would have been no better off.

We deem it unnecessary to engage in any extended discussion of the large number of authorities cited on either side, but suffice it to say that under the circumstances of this case we think that plaintiff has reasonably complied with the law, and shall treat the rule as filed on July 28th, the date it actually came into the clerk's hands for that purpose.

## On the Merits.

The notes held by the garnishee represented about two-thirds of the credit portion of the purchase price of certain plantation property that had been sold by the defendant to the Bayou Salle Planting & Drainage Company, and the third note, representing the remainder thereof, had been transferred to another by the vendor under an arrangement by which the first two were subordinated to the last. Subsequently the holder of the note, with the preference thus created, foreclosed against the property, and it did not bring enough to pay his indebtedness. Hence the security for the notes now in contest, in so far as the real estate was concerned, was lost, and they possess only such contingent value as may arise from the disputed liability of certain stockholders of the Bayou Salle Planting & Drainage Company. After the death of John R. Todd, president and principal stockholder of the Ellerslie Planting Company, Limited, his wife, Mrs. Fannie M. Todd, by virtue of her community interest of one half and as usufructuary of the other half of this stock, assumed control of the company, and was elected its president. The other two stockholders were her son and daughter, John R. Todd, Jr., and Miss Ethel Todd, who together owned $2,500 of the $125,000 of stock. After the sale of the plan-

tation property, Mrs. Todd advanced the corporation from $5,000 to $8,000 to pay certain of its debts, and since the mortgage had been foreclosed and nothing had been left to secure the two remaining notes, thereby making their value somewhat questionable, these three stockholders met in an informal way at the family residence in the city of New Orleans, when the office and domicile was in St. Mary parish, and had a private understanding by which the mother should take the two notes now in controversy for the funds so advanced. At that time the plaintiff's indebtedness of several thousand dollars was outstanding against the corporation, and there were a number of minor children, issue of the marriage between Mrs. Todd and her deceased husband, living.

[2] Under this situation, even if it could be said that the title to the notes was lawfully transferred to Mrs. Todd, president of the corporation, the company was woefully insolvent to her knowledge, and it needs little citation of authority to sustain the view that she could not thus prefer herself as a creditor, even with the formal consent and official action of the other officers of the defendant company. Cahill v. Slaughterhouse Co., 47 La. Ann. 1483, 17 South. 784; Frellsen v. Strader Cypress Co., 110 La. 883, 34 South. 857.

[3] The garnishee's claim of pledge upon the note arises out of the following circumstances: He had indorsed the note of Mrs. Fannie M. Todd for $2,000 at a bank in Lake Charles, La., and subsequently had it to pay. He had an understanding with her that these two notes for $36,666.66 should be considered as pledged to secure him in that indorsement, although they were never actually delivered to him and the pledge legally perfected until after he had paid the note so indorsed, and until after the attempted giving in payment of the notes to Mrs. Todd, president of the defendant company in payment for the advances made as above indicated. The garnishee had been attorney both for Mrs. Todd and the Ellerslie Planting Company, Limited, and was entirely familiar with the financial affairs of the company. Mrs Todd not having acquired any title to the notes, in so far as the rights of the plaintiff, a creditor of the corporation, were concerned, she could convey no better title to the garnishee. Hence, as to the plaintiff, the notes were still the property of the Ellerslie Planting Company, Limited, and its superior right against the notes in the hands of the garnishee must be recognized.

[4] As to the agreement between the heirs of John R. and Fannie M. Todd and Borah, Himel, Bloch & Borah, we can see no objection to such an arrangement by which they should receive one-third of whatever might have been collected on the notes, had the agreement been made with a properly authorized officer of the defendant company; but the employment was not had, even under the garnishee's contention, by the corporation. It was with the heirs, on the theory that Mrs. Todd was the owner of the notes. For the same reasons, set forth above, i. e., that Mrs. Todd was not the owner of these notes, as to the plaintiff, their claims, in so far as they are urged by the garnishee herein, must give way to the superior rights of plaintiff. Not being parties to this proceeding, however, their rights cannot be concluded by any disposition of this case.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.