remains nothing to do but to affirm the verdict and the sentence from which the appeal is taken.

The verdict and the sentence appealed from are therefore affirmed.

---

(112 So. 304)

No. 28435.

STATE v. J. H. MANN.

March 28, 1927.

Appeal from Eighth Judicial District Court, Parish of La Salle; F. E. Jones, Judge.

C. W. Flowers, of Jena, for appellant.

Percy Saint, Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, and E. R. Schowalter, Asst. Atty. Gen., for the State.

OVERTON, J. Defendant appeals from a conviction and sentence for having committed the crime of incest by feloniously cohabiting and having sexual intercourse with his daughter. The record contains neither a bill of exceptions nor an assignment of errors, and no error appears upon the face of the record. Defendant has filed no brief. The verdict and the sentence appealed from must therefore be affirmed.

The verdict and the sentence in this case are affirmed.

---

(112 So. 371)

No. 28456.

LEON ZION MERCANTILE CO. v. PIERCE.

In re LEON ZION MERCANTILE CO.

March 28, 1927.

(Syllabus by Editorial Staff.)

1. Sequestration ⊂⇒12—That petition for sequestration had not been filed did not relieve judge from duty to sign sequestration order on presentment of petition, affidavit, and bond (Code Prac. arts. 237, 276).

Under Code Prac. arts. 237, 276, providing for issuance of sequestration order on affidavit, petition, and on execution of bond and requiring clerk to issue writ on judge's order without any petition being then presented, judge was required to sign sequestration order on present-ment of petition, proper affidavit, and bond, despite fact that petition for writ had not been filed by clerk.

2. Sequestration ⊂⇒12—Judge could not avoid duty to sign sequestration order because costs of writ had not been paid (Code Prac. arts. 237, 276).

Under Code Prac. arts. 237, 276, judge was required to sign order for sequestration on petition therefor with affidavit and bond, notwithstanding costs for writ were not shown to have been paid; matter of exacting prior payments of costs being one which clerk alone could raise.

Suit by the Leon Zion Mercantile Company against James Pierce. On the refusal of W. Alexander Bahns, Judge of Division A of the First City Court of New Orleans, to sign an order directing a writ of sequestration, plaintiff applies for mandamus. Alternative writ of mandamus made peremptory, and judge ordered to sign order directing writ of sequestration to issue.

L. R. Wertheimer, of New Orleans, for relator.

Miller, Miller & Fletchinger, of New Orleans, for Elvira Pierce.

THOMPSON, J. The relator filed suit in the First city court of the city of New Orleans for balance due on open account.

Alleging a vendor's privilege on certain furniture to secure said balance due, the relator prayed for a writ of sequestration. The petition was duly sworn to, but no bond was filed and no order was issued for a sequestration. However, the writ was issued by the clerk of said court and the furniture was seized.

On motion of defendant the seizure was set aside and the property restored to defendant with damages for the illegal seizure. From this interlocutory decree an appeal was taken and is now pending in the Court of Appeal.

Thereafter the relator presented to the Hon. W. Alexander Bahns, judge of Division A of said city court, a supplemental petition

duly sworn to and accompanied by a bond for $50, praying for the issuance or reissuance of a writ of sequestration. The respondent judge refused to sign an order for the sequestration, and now returns, as his answer for so doing, to the present application for mandamus: (1) That the petition for the writ of sequestration had not been filed in the clerk's office of his court; and (2) that the costs for said writ were not shown to have been paid.

[1] It is the usual and customary practice in many courts for the suitor or his attorney to file the petition with the clerk of the particular court before presenting the same to the judge for the order required, but there is no rule of law so far as we are advised which makes such prior filing sacramental or requires such filing as a condition precedent to the signing of the order for the issuance of the writ applied for in the city court.

Article 276, Code of Practice, provides that a plaintiff wishing to obtain an order of sequestration must annex to the petition in which he prays for such an order an affidavit setting forth the cause for which he claims such order and execute his obligation in favor of defendant for such sum as the court shall determine to cover such damages as the defendant may sustain in case such sequestration should have been wrongfully obtained.

The last paragraph of the article declares that orders of sequestration may be granted before the filing of the petition, in the cases specified, and agreeably to the rules prescribed in article 237 of the Code.

Now, article 237 referred to requires the clerk forthwith to issue the writs named where the plaintiff has made the affidavit, given the bond, and obtained the order of the judge in conformity to law, and having filed the same in court, without any petition being then presented. The usual petition, however, must be filed on the day succeeding that on which the said process shall have issued.

In the instant case the plaintiff proposed to file his petition with the affidavit, bond, and order of the court annexed thereto and at one and the same time.

It was the mandatory duty of the judge to sign the order when presented to him with proper affidavit and bond, and his refusal to do so cannot be justified on the ground that the petition for the writ had not been filed by the clerk of his court.

[2] The other ground of refusal to sign the order was equally unfounded.

The matter of exacting prior payment of costs concerns the clerk alone.

The judge has no interest therein, and it was not for him to urge the nonpayment of costs as a reason for not signing the order requested of him.

It was with the clerk to raise that question when he was called upon to file and issue the process as directed by the judge.

The alternative writ of mandamus herein issued is made peremptory, and the respondent judge is ordered to sign the order directing a writ of sequestration to issue as prayed for by relator.

The respondent other than the judge to pay costs of this proceeding.