# LIVINGSTON FINANCE CORP. v. BAUDIN ET AL.

---

(February 11, 1929.  Opinion and Decree.)

---

F. B. Freeland, of New Orleans, attorney for plaintiff, appellant.

Dufour, Rosen & Kammer, and Puneck, Barrios & Landry, of New Orleans, attorneys for defendants, appellees.

JANVIER, J.  Plaintiff obtained judgment against several defendants, among them J. W. Barfield, who was a motorman in the employ of New Orleans Public Service Inc.  Plaintiff then caused garnishment proceedings to issue against New Orleans Public Service Inc. and, for reasons, best known to it, repeated these proceedings at such frequent intervals that they more or less resembled machine gun fire.

Garnishee prepared answers to all of these garnishment proceedings and at different times handed these answers, always in due time, to the Clerk of Court, or one of his deputies.

On one occasion two such answers were handed to the Clerk, together, and one of them, through an oversight of the Clerk, was not marked "filed," was not entered on the docket as "filed" and was not collected for.  It was, however, actually placed in the record of the case in the Clerk's office.

The first question presented for determination is whether or not the answer referred to was in fact filed and, consequently, whether a judgment "pro confesso" could be rendered under such circumstances.  It will be seen that two of the clerical acts usual to the filing of documents were omitted.  Collection was not made and the document was not stamped "filed".

Do these omissions deprive the document of its power to prevent a judgment "pro confesso"? As to the payment of costs, the Supreme Court of Louisiana, in Leon Zion Mercantile Co. vs. Pierce, 163 La. 477, 112 So. 371, said:

"The matter of exacting prior payment of costs concerns the clerk alone.
."The judge has no interest therein and it was not for him to urge the non-payment of costs as a reason for not signing the order requested of him."

Clearly, then, the failure to pay the costs ordinarily required for the filing of a document can have no other effect than to give to the clerk a right to collect such costs from the party who filed the document.

In Armstrong vs. Ellerslie Planting Co., Ltd., 146 La. 559, 83 So. 830, the Supreme Court said:

"Clerk's failure to indorse filing mark upon a motion for rule to traverse the answer of a garnishee before the expiration of 20 days from the notice of the filing of the answer did not have the effect of releasing the seizure under Act No. 73 of 1884, and plaintiff, having reasonably complied with such law, the motion will be treated as having been filed on the date it was handed to the clerk."

It was conclusively shown that the answer was physically in the record at the time the motion for judgment "pro confesso" was filed. Therefore, under the authority of the Armstrong case, we now hold that the failure of the clerk to indorse the answer as "filed" and to enter it on the docket did not deprive it of its power to prevent the issuing of a judgment "pro confesso".

The second point presented results from the fact that each employe of defendant, on entering its service, is required to deposit the sum of $25.00 in cash to indemnify the company for cost of uniforms, or for cash shortages, if any. This deposit is retained by the company until the employe leaves the service, and so long as he remains in the service he has no right to demand its return. Plaintiff contends that, at least to the extent of this sum, garnishee was indebted to defendant and must, under the "fi. fa." and garnishment turn this amount over. We do not agree with plaintiff in this. If garnishee could be required to surrender this deposit, it would, as a condition to retaining the defendant in its service, exact another deposit, which of course would have to be accumulated from his wages, and thus would plaintiff obtain from defendant indirectly what it could not obtain directly (assuming, of course, that defendant's wages are as he claims exempt from seizure). Another reason for our opinion that this deposit cannot be garnisheed so long as defendant remains in the employ of garnishee, is that he, himself, cannot withdraw the deposit, and it would be plainly improper to allow a creditor to secure property which the defendant himself has no right to obtain. The deposit is not due to the defendant until he leaves the service and until that time no one has the right to require garnishee to surrender it.

For these reasons we are of the opinion, that no judgment should be rendered against garnishee, either "pro confesso" or otherwise.

Defendant, in the main suit, has moved to set aside the garnishment on the ground that he was a laborer and that, therefore, his wages were exempt from seizure. He was a motorman, and, under the decisions of this and other Louisiana courts, as such, he was a laborer. This was decided by this court in Commercial Credit Company vs. Parret, 6 La. App. 423. In another case

involving the same question, McKernier vs. Metzger, No. 3163 of the docket of this court, 120 So. —, the question was decided in exactly the same way, and in that case the Supreme Court refused to issue a writ of certiorari.

It is therefore ordered, adjudged and decreed that the judgment setting aside the garnishment of wages of J. W. Barfield be and it is affirmed, and it is further ordered, adjudged and decreed that the judgment in favor of New Orleans Public Service Inc., and against Livingston Finance Corporation be and it is affirmed; all at the cost of appellant.