### CLARK v. YOUNG et al.

Circuit Court of Appeals, Fifth Circuit.
March 13, 1929.

No. 5402.

Joseph S. Clark, of Philadelphia, Pa., and J. M. Grimmet, of Shreveport, La., for appellant.

Edwin C. Hollins and Ed. Rightor, both of New Orleans, La. (Spencer, Parker, Bryan & Snell, of Washington, D. C., and Edward Rightor, Dufour, Rosen & Kammer and Edwin C. Hollins, all of New Orleans, La., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing an intervening petition filed by the appellant in a consolidated cause in which one of the appellees had been appointed receiver of the properties of the Louisiana Coast Land Company, a corporation (herein called the Land Company), and as such receiver had taken possession of those properties, and in which another appellee, as trustee under a deed of trust or mortgage of said properties, dated in August, 1925, and executed by the Land Company to secure bonds issued by it, had instituted proceedings for the foreclosure of that mortgage. The petition contained allegations to the following effect: In November, 1925, as a result of negotiations between petitioner and a named person who was interested in the land company as a stockholder and bondholder, petitioner agreed to purchase from the land company five of its shares of capital stock, each of the par value of $2,000, and to pay therefor the sum of $10,000. Petitioner was influenced and induced to make such purchase by described fraudulent representations which were participated in by a named official and bondholder of the land company who acted for it in making said sale of stock to petitioner, and who for the land company received from the petitioner the agreed price of that stock. Some of the bonds of the land company are held by each of its directors, and were so held by them when petitioner made said purchase of stock. Those directors are not parties to the consolidated cause. The sum of $10,000 so paid by petitioner "was used and appropriated by the defendant company for the payment and satisfaction of debts, obligations and charges of and against the defendant company, which were debts, obligations and charges having precedence and priority over the mortgage of the defendant company which secures the payment of said bonds or for the payment of the cost of constructing ditches, canals and other extensions, enlargements and additions, developments and improvements to the mortgaged estate, which enhanced the value of said estate for the benefit of holders of the bonds to the full extent of the moneys appropriated for that purpose." The land company is insolvent; its property being insufficient in value to pay its debts. The petition prayed that the contract under which petitioner made said purchase of stock be canceled and annulled; that judgment be entered in favor of petitioner against the land

company for the sum of $10,000, with interest thereon; that that judgment be granted priority as a lien upon the properties of the land company over the mortgage given to secure its bonds; and "that said judgment be accorded a priority upon any proceeds that may be realized from any sale of the property of defendant company in these consolidated causes over the claims of any of the directors of defendant company who are the holders of any of its bonds, and also over the claims of any of the stockholders of defendant company, who are not directors, but who are the holders of said bonds."

The claim asserted by the petition is unliquidated and unsecured by any contractual or statutory lien. That claim does not belong to the limited class of unsecured claims which, as to mortgaged railroad property taken into a court's custody by its receiver, is accorded priority over the debt secured by the mortgage. Wood v. Guarantee Trust & Safe Deposit Co., 128 U. S. 416, 9 S. Ct. 131, 32 L. Ed. 472; Virginia & Alabama Coal Co. v. Central Railroad & Banking Co., 170 U. S. 355, 370, 18 S. Ct. 657, 42 L. Ed. 1068. The allegations and prayers of the petition indicate that its object was to obtain the benefit of the rule that "where in the progress of a suit in a federal court property has been drawn into the court's custody and control, third persons claiming interests in or liens upon the property may be permitted to come into that court for the purpose of setting up, protecting and enforcing their claims—although the court could not consider or adjudicate their claims if it had not impounded the property." Hoffman v. McClelland, 264 U. S. 552, 558, 44 S. Ct. 407, 409 (68 L. Ed. 845). The contention that, as between the appellant and directors of the land company holding its bonds secured by the mortgage, the appellant, though having no lien or privilege affecting the mortgaged property, is entitled to priority, and therefore has an interest bringing him within the rule above stated, is sought to be supported by reference to decisions of the Supreme Court of Louisiana. Mention will be made of the decisions principally relied on in this connection. In the case of Cahill v. People's Slaughterhouse & Refrigerating Co., 47 La. Ann. 1483, 17 So. 784, the contest was between directors of a corporation holding a mortgage on its property and furnishers of labor and supplies who were entitled to privileges on the corporation's property, and it was held that the privileges took effect, though not registered within the time required for a privilege to be effective against third persons. See Cotton Seed Oil Co. v. Refining Co., 108 La. 74, 32 So. 221. The case of Brashear v. Cooperage Co., 50 La. Ann. 587, 23 Sq. 540, involved a contest between parties holding liens or privileges on a corporation's property, and the decision did not accord priority to an unsecured creditor. Decisions with reference to priorities as between claims secured by property in a court's custody are not pertinent to the question raised by the petition now under consideration. No Louisiana decision which has come to our notice furnishes any support for the proposition that, as to mortgaged property of a corporation or the proceeds of a foreclosure sale of such property, an unsecured claim against the corporation or its directors has priority over the debt or debts secured by the mortgage or confers on the claimant an interest in or title to that property or a distributive share of the proceeds of the sale of it. The allegations of the petition do not show that appellant has any interest in, title to, or lien or privilege upon, the property in the court's custody and control. It follows that appellant was not entitled to the benefit of the above-mentioned rule, under which, where property or a fund is in court undergoing administration, third parties claiming direct interests in that property or fund are permitted to intervene, because the claimed right would be lost, if it is not permitted to be asserted before the subject of it is disposed of or dissipated. Smith v. Gale, 144 U. S. 509, 12 S. Ct. 674, 36 L. Ed. 521; Credits Commutation Co. v. United States, 177 U. S. 311, 20 S. Ct. 636, 44 L. Ed. 782. To entitle the appellant to intervene in the consolidated cause, it is not enough that he has a cause of action on an unliquidated and unsecured demand against the land company and some of its directors. The claim asserted by the petition is not within any of the classes of claims in favor of strangers to a suit for the enforcement of which against property in the court's custody and control a claimant, because of his inability to obtain relief by other means, is permitted to intervene.

The decree is affirmed.