### DYMOND v. YOUNG et al.

Circuit Court of Appeals, Fifth Circuit.
March 13, 1929.

No. 5408.

J. M. Grimmet, of Shreveport, La., for appellant.

Edwin C. Hollins and Edward Rightor, both of New Orleans, La. (Spencer, Parker, Bryan & Snell, of Washington, D. C., and Edward Rightor, Dufour, Rosen & Kammer, and Edwin C. Hollins, all of New Orleans, La., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing an intervening petition filed by the appellant in the consolidated cause in which was filed the intervening petition which was under consideration in the case of Clark v. Young, Receiver, U. S. Circuit Court of Appeals, Fifth Circuit, 31 F.(2d) 227. Appellant's petition was filed after the sale under a foreclosure decree of property of the Louisiana Coast Land Company which was in the court's custody by its receiver. The claim of the appellant was for the amount of the balance alleged to be due him for services rendered by him as an attorney in behalf of the Louisiana Coast Land Company in perfecting and clearing up the title to its properties which, after the rendition of such services, were mortgaged to secure a bond issue of $450,000. The petition contained allegations to the following effect: Appellant's said services were necessary to clear the title to said property so as to make it acceptable to purchasers of bonds to be secured thereby. When those bonds and the mortgage given to secure them were issued, the directors and stockholders of the mortgagor knew it was insolvent. All of those bonds were subscribed for by stockholders of the mortgagor, many of whom were its directors. While that bond issue was in the contemplation of the directors, and after its creation, the duly authorized officers and agents of the mortgagor promised and assured appellant that, notwithstanding the creation of that bond issue, appellant would be paid for all his past legal services and for all other legal services he might perform at their request. The petition prayed that judgment be entered in favor of the appellant against the mortgagor for the amount alleged to be owing to appellant for said legal services, and that that judgment be recognized as a lien upon the proceeds of the sale of the mortgaged property and be given priority over the bonds secured by the mortgage.

The allegations of the petition do not show that appellant had any title to, interest in, or lien upon the fund in the custody of the court and in process of administration therein. For reasons stated in the opinion in the case of Clark v. Young, Receiver, supra, we conclude that appellant was not entitled to the relief sought by his intervening petition, and that the court did not err in dismissing that petition. The decree to that effect is affirmed.